NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ESTATE OF LYDIA JOY PERRY, deceased, by Vivian KALE, co-Administratrix ad Prosequendum of the Estate of Lydia Joy Perry, and Janet FANDEL, co-Administratrix ad Prosequendum of the Estate of Lydia Joy Perry,<br><br>        Plaintiff,<br><br>v.<br><br>Debra SLOAN, et al.,<br><br>        Defendants. | Civ. No. 10-4646 (AET)<br><br>OPINION & ORDER |

THOMPSON, U.S.D.J.

I.  INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss [docket # 22] filed by Defendants State of New Jersey, Department of Human Services, Division of Developmental Disabilities (DHS-DDD), and Jennifer Velez (collectively, "State Defendants"). Plaintiff has opposed the motion [28]. The Court has decided the matter upon consideration of the parties' submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, the motion is granted in part and denied in part.

II.  BACKGROUND[1]

Plaintiff in this case is the Estate of Lydia Joy Perry, who died intestate. Perry was born in 1941 with a developmental disability. (Compl. ¶ 6) [1]. In 1985, she was placed in the custody of the New Jersey Department of Human Services, Division of Developmental

---
[1] The following facts are taken from Plaintiff's Complaint [1] and accepted as true for purposes of this motion to dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

1

Disabilities (DHS-DDD).  (*Id*.)  In 2006, she was transferred to a Community Care residence, operated out of the home of Defendant Debra Sloan under contract with the State of New Jersey.  (*Id*. at ¶ 23.)  Sloan was highly recommended by Defendant Bridget Grimes, who worked as a Habilitation Planning Coordinator at DHS-DDD and served as Perry's case-manager.  (*Id*. at ¶ 24.)  Plaintiff alleges that Grimes took active steps to keep Perry in Sloan's home and to persuade Perry's family members to keep Plaintiff there.  (*Id*.)

During her residency in Sloan's home, Perry was subjected to abuse, neglect, harassment and other mistreatment.  (*Id*. at ¶ 25.)  Sloan and Grimes were indicted in 2009 for various crimes arising out of their treatment of Perry and two other disabled women in Sloan's care.  (*Id*. at ¶ 26.)  DHS-DDD later substantiated the allegations that Sloan and Grimes had mistreated and denied adequate care to Perry and, particularly, that the Defendants had failed to provide Perry with a needed colonoscopy.  (*Id*. at ¶ 30.)  In September 2008, Perry was transferred to the home of Defendant Dorothy Purdy, but the neglect continued.  (*Id*. at ¶ 32–33.)  DHS-DDD later substantiated the allegations of neglect against Purdy and found that Purdy was unable to provide the level of care and supervision Perry needed.  (*Id*. at ¶ 34.)  Perry died on August 17, 2009, as a result of a gastrointestinal hemorrhage, which Plaintiff claims was a result of Defendants' failure to provide Perry with necessary medical care.  (*Id*. at ¶ 34.)

Plaintiff—Perry's Estate—filed this action on September 10, 2010, alleging claims against various defendants for violation of the United States Constitution, the New Jersey Constitution, and New Jersey statutory and common law.  The State Defendants have now moved to dismiss several counts of the Complaint for failure to state a claim upon which relief can be granted.

## III. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, a district court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to plaintiff, but may disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded facts have been identified, a court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)). A claim is only plausible if the facts pleaded allow a court reasonably to infer that the "defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 1949).

## IV. ANALYSIS

The State Defendants move to dismiss the First, Second, Third, and Seventh Counts for failure to state a claim upon which relief can be granted. The First and Second Counts alleges claims against the State Defendants under 42 U.S.C. § 1983 for violation of Perry's substantive due process rights. The Third Count alleges a claim against the State Defendants under § 1983 for deliberate indifference. And the Seventh Count claims that the State Defendants violated the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1. The State Defendants argue that all four of these claims must be dismissed against Defendants State of New Jersey, DHS-DDD, and Commissioner Velez because these defendants are not persons subject to suit under § 1983 and the NJCRA. (Br. in Supp. of Mot. To Dismiss 4–5) [22-1]. They further argue that

Commissioner Velez cannot be held liable in her official or individual capacity because there are insufficient factual allegations of her personal involvement in the alleged wrongs. (*Id*. at 6.)

### A.  Claims Against Defendants State of New Jersey and DHS-DDD

The first three counts of the Complaint are brought against the State Defendants under § 1983, which provides a federal cause of action against any person who, acting under color of state law, deprives another individual of a federal right. 42 U.S.C. § 1983. A state is not a "person" subject to suit under § 1983, and this rule also applies to governmental units that are considered "arms of the state." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). New Jersey is a state, and DHS-DDD is an arm of the state. *See* N.J.S.A. 30:1-2; 30:6D-24. Therefore, the First, Second, and Third Counts must be dismissed against these Defendants. Plaintiff does not contest this. (Mem. in Opp'n 17) [28].

Turning to Count Seven, Defendants argue that the principle of state immunity from suit under § 1983 also applies to the New Jersey Civil Rights Act. The NJCRA is a state law analogue to 42 U.S.C. § 1983—it creates a private right of action for the violation of civil rights secured by the Constitution and laws of the state of New Jersey and the Constitution and laws of the United States. Accordingly, courts in this district have generally interpreted the NJCRA to be coextensive with its federal counterpart. *See Jefferson v. Twp. of Medford*, 2010 WL 5253296, at *13 (D.N.J. Dec. 16, 2010); *Celestine v. Foley*, 2010 WL 5186145, at *6 (D.N.J. Dec. 14, 2010); *Chapman v. New Jersey,* 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009); *Slinger v. New Jersey,* 2008 WL 4126181, at *5 (D.N.J. Sept. 4, 2008), *rev'd in part on other grounds*, 366 F. App'x 357 (3d Cir. 2010). Specifically, at least one court in this district has found that sovereign immunity for the states under the Eleventh Amendment applies as much to NJCRA claims as to § 1983 claims. *See Slinger*, 2008 WL 4126181, at *5. We find these

decisions well-reasoned, and accordingly, we will dismiss Count Seven against Defendants State of New Jersey and DHS-DDD.[2]

### B. Claims Against Defendant Velez

Plaintiff asserts several claims against Defendant Velez, the Commissioner of DHS, in both her individual and official capacities. As an initial matter, we find that the § 1983 claims against Velez in her official capacity must be dismissed because a state official acting in her official capacity is not a "person" subject to suit for money damages under § 1983. *See Will*, 491 U.S. at 71. Furthermore, because we interpret the NJCRA to be coextensive with § 1983, the NJCRA claim in Count Seven against Velez in her official capacity must be dismissed as well.

Turning to the claims against Velez in her individual capacity, it is well established that § 1983 liability cannot be premised solely on a theory of *respondeat superior*. *Natale*, 318 F.3d at 583–84. Rather, a supervisor must be personally involved in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). There are two theories of supervisory liability under which supervisors can be found to have been personally involved: (1) if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm[;]" and (2) if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (citations omitted).

Defendants move to dismiss the claims against Velez because the Complaint does not allege sufficient factual allegations of her personal involvement. (Br. in Supp. of Mot. to

---

[2] Plaintiff contends that the Seventh Count must be viewed in connection with the Sixth Count, which states a direct cause of action for violation of the New Jersey Constitution. (Mem. in Opp'n 18.) Plaintiff believes it can bring its claims under both the NJCRA and directly under the New Jersey Constitution. (*Id.*) Defendants have not moved to dismiss the Sixth Count, so we take no position on the viability of this claim, and our analysis of the NJCRA claim is unaffected.

Dismiss 6.) We disagree. Among a detailed list of allegations, the Complaint makes the following accusations against Velez (as one of the "State Defendants"): she failed to train DHS-DDD employees and agents on the proper handling of disabled persons, (Compl. ¶ 44; 62); she failed to establish a protocol for reporting or documenting instances of abuse, (*id*. at ¶ 44); she failed to take appropriate measures in response to allegations of abuse, (*id*.); she was on notice that the training and supervision at DHS-DDD were inadequate to protect disabled persons, (*id*. at ¶ 36); she knew or should have known that Defendant Sloan was abusing and neglecting disabled persons, (*id*. at ¶ 40); she failed to supervise, control, or monitor the services being provided by Defendants Purdy and Sloan, (*id*. at ¶ 41); and she failed to investigate the ongoing mistreatment of Perry, (*id*. at ¶ 39).

Defendants contend that these allegations are mere legal conclusions not based on any facts. (Reply Br. 2.) To some extent, we recognize that specific facts supporting these allegations are scant. For example, Plaintiff does not allege specific facts that would show how Velez was put on notice of the mistreatment of Perry or that the training and supervision of DHS-DDD employees was inadequate. We also understand, however, the difficulty of proving the negative—that is, things Velez *failed* to do—especially at the pleadings stage of an action. The *Twombley* pleading standard addresses this issue: it requires not "detailed factual allegations" but only "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 555–56 (2007)). A plaintiff must put forward "enough facts to raise a reasonable expectation that discovery will reveal evidence of" illegal conduct. *Twombley*, 550 U.S. at 554. Here, Plaintiff has alleged facts, which we must accept as true for purposes of the motion to dismiss, that Perry was placed in a care residence operating under contract with the State, that Velez, the Commissioner of DHS,

6

failed to train or supervise DHS-DDD employees and agents, and that Velez knew or should have known of the mistreatment of disabled persons such as Perry.  We find that, under the circumstances of this case, Plaintiff has put forward a plausible claim for relief and is entitled to discovery that may reveal specific evidence of illegal conduct.  Accordingly, Plaintiff's claims against Velez in her individual capacity may proceed.

## V.  CONCLUSION

For the reasons set forth above, IT IS on this 31st day of May, 2011,

ORDERED that the Motion to Dismiss [docket # 22] filed by Defendants State of New Jersey, Department of Human Services, Division of Developmental Disabilities, and Jennifer Velez is GRANTED IN PART and DENIED IN PART; and it is

ORDERED that the claims against Defendants State of New Jersey and Department of Human Services, Division of Developmental Disabilities contained in the First, Second, Third, and Seventh Counts are DISMISSED; and it is

ORDERED that the claims against Defendant Velez in her official capacity contained in the First, Second, Third, and Seventh Counts are DISMISSED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.